PER CURIAM.
During the 2008 legislative session, the Legislature amended numerous sections of chapter 61, Florida Statutes, redesignating it “Dissolution of Marriage; Support; Time-sharing,” and amended various sections of chapters 409, 414, 445, 741, 742, 753, and 827, Florida Statutes. See ch. 2008-61, Laws of Fla. (effective October 1, 2008). In general, this legislation removes references to the concepts of “custody,” “primary or secondary residential parent,” “visitation,” and the like, and instead incorporates the concepts of “time-sharing” and a “parenting plan.” The statutes now require the court to approve or establish a “parenting plan” which governs how divorced parents will share the responsibilities of childrearing and decision making with regard to the child and sets forth a “time-sharing” schedule. Ch. 2008-61, §§ 2, 8, Laws of Fla. (amending §§ 61.046 and 61.13, Fla. Stat. (2007)). This legislation affects the Florida Supreme Court Approved Family Law Forms.
Pursuant to the procedures approved by this Court in Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So.2d 1, 14 (Fla.2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and determined that both new forms and amendments to existing forms are necessary as a result of the legislation. Input on this issue was received from the Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms, which provided valuable assistance.
The majority of the amendments to existing forms simply conform them to the change in terminology accomplished by chapter 2008-61 and incorporate the concepts of time-sharing and the parenting plan.[1] Two of the new forms are parenting plan forms, form 12.995(a) (Parenting Plan (non-supervised)), and form 12.995(b) *174 (Parenting Plan (supervised/safety focused)). The third new form is form 12.993(d) (Supplemental Temporary Judgment for Modification of Parenting Issues for Children of Military Parents) in accord with various amendments to section 61.13002, Florida Statutes. See ch. 2008-61, § 10, Laws of Fla.
The new and amended forms are adopted as set forth in the appendix to this opinion, fully engrossed, effective for immediate use. Due to the number of amendments and new forms, we direct that they be published for comment. A publication notice will appear in The Florida Bar News. The forms will be posted on this Court’s website at www.florida supremecourt.org/decisions/rules.shtml. Interested persons shall have sixty days from the date of this opinion to file comments with the Court. By adoption of these forms, we express no opinion as to their correctness or applicability, or on the substance of the new legislation. The forms discussed herein may also be accessed and downloaded from this Court’s website at www.flcourts.org/gen_public/ family/forms_rules/index.shtml.
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.
PERRY, J., did not participate.
APPENDIX
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW
FORM 12.901(b)(1),
PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (03/09)
When should this form be used?
This form should be used when a husband or wife is filing for a dissolution of marriage and you and your spouse have a dependent or minor child(ren) together or the wife is pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You must file this form if the following is true:
• You and your spouse have a dependent or minor child(ren) together or the wife is pregnant.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
*175 What should I do next?
For your ease to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT. If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
*176 Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Foi’m 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
• Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a)or Supervised/Safety Focused Parenting Plan, Form 12.995(b) If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
Parenting Plan and Time-Sharing. If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the ehild(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation *177 and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the ehild(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony. Marital/Nonmarital Assets and Liabilities. Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmar-ital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be non-marital, the judge will not consider it when distributing marital assets and liabilities. Temporary Relief. If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or *178 Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Marital Settlement Agreement. If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Parenting Plan. In all cases involving minor or dependent children), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), or a Supervised/Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a Parenting Plan will be established by the court.
Final Judgment Form. These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Children) (03/09)
[[Image here]]
*179 [[Image here]]
*180 [[Image here]]
*181 [[Image here]]
*182 [[Image here]]
*183 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(d), UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT (03/09)
When should this form be used?
This form should be used in any case involving custody of, visitation with, or time-sharing with any minor ehild(ren). This affidavit is required even if the custody of, visitation, or time-sharing with the minor ehild(ren) are not in dispute.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see sections 61.501-61.542, Florida Statutes.
Special notes...
If you are the petitioner in an injunction for protection against domestic violence case and you have filed Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), you should write confidential in any space on this form that would require you to write the address where you are currently living.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (03/09)
[[Image here]]
*184 [[Image here]]
*185 [[Image here]]
*186 [[Image here]]
*187 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(1), MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (03/09)
When should this form be used?
This form should be used when a Petition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.901(b)(1), has been filed and the parties have reached an agreement on some or all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
Special notes...
With this form you must also file a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if not already filed.
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (03/09)
[[Image here]]
*188 [[Image here]]
*189 [[Image here]]
*190 [[Image here]]
*191 [[Image here]]
*192 [[Image here]]
*193 [[Image here]]
*194 [[Image here]]
*195 [[Image here]]
*196 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(a), ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE (03/09)
When should this form be used?
This form should be used when you have been served with a petition for dissolution of marriage and you do not wish to contest it or appear at a hearing. If you file this form, you are admitting all of the allegations in the petition, saying that you do not need to be notified of or appear at the final hearing, and that you would like a copy of the final judgment mailed to you.
This form should be typed or printed in black ink, and your signature should be witnessed by a notary public or deputy clerk. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to answer after being served with the other party’s petition. A copy of this form, along with all of the other forms required with this answer and waiver, must be mailed or hand delivered to the other party in your case.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there.
Special notes...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor ehild(ren). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you).
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of *197 service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Parenting and Time-Sharing... By filing this answer and waiver, you are agreeing to any parenting and time-sharing requests in the petition. The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the ehild(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support... By filing this answer and waiver, you are agreeing to any child support requests in the petition. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the children) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... By filing this answer and waiver, you are agreeing to any alimony requests in the petition. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a counterpetition and should not use this form. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, *198 including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Non-marital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. By filing this answer and waiver, you are agreeing to any requests in the petition regarding division of assets and liabilities.
Final Judgment... You should receive a copy of the Final Judgment in the mail. If, for some reason you do not, you should call the clerks office to request a copy. It is important for you to review a copy of the Final Judgment in your case to see what happened and to know what you must do and what you are entitled to receive.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (03/09)
[[Image here]]
*199 [[Image here]]
*200 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(b), ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE (03/09)
When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage and you wish to admit or deny all of the allegations in the petition but you do not plan to file a counterpetition seeking relief. You can use this form to answer any petition for dissolution of marriage, whether or not there are minor child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. This must be done within 20 days of receiving the petition.
What should I do next?
A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. You have 20 days to answer after being served with the other party’s petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED... If you file an answer that agrees with everything in the other party’s petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the final hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If you file an answer which disagrees with or denies anything in the petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. See chapter 61, Florida Statutes, for more information.
Special notes...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know the other party’s income, you may file this *201 worksheet after his or her financial affidavit has been served on you).
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Parenting and Time-sharing... If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the ehild(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to the entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the ehild(ren) spend with each parent. You *202 must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a coun-terpetition. Florida Supreme Court Approved Family Law Form 12.903(c)(1) (with dependent or minor child(ren)), or Florida Supreme Court Approved Family Law Form 12.903(c)(2) (no dependent or minor child(ren)). If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, any parenting plan and time-sharing schedule, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), or, if there are no dependent or minor child(ren), Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.
Marital Settlement Agreement... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), and Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and *203 your spouse reach an agreement on all of the issues, the judge may use Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2), or Final Judgment of Dissolution of Marriage with No Property and No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (03/09)
[[Image here]]
*204 [[Image here]]
*205 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(1), ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (03/09)
When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage with dependent or minor ehild(ren) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to answer after being served with the other party’s petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:
The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
UNCONTESTED... Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or coun-terpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d)
*206 • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida drivers license, Florida identification card, or voters registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you have reached an agreement on any or all of the issues.
• Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) or Supervised/Safety Focused Parenting Plan, Form 12.995(b). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Parenting Plan and Time-Sharing... If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor children).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
*207 • No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the children) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. Equitable does not necessarily mean equal. Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Non-marital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Parenting Plan... In all cases involving minor or dependent children), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), or a Supervised/Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. A Parenting Plan will be established by the court.
Temporary Relief... If you need temporary relief regarding temporaiy use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with children), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
*208 Marital Settlement Agreement... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/09)
[[Image here]]
*209 [[Image here]]
*210 [[Image here]]
*211 [[Image here]]
*212 [[Image here]]
*213 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(e), ANSWER TO SUPPLEMENTAL PETITION (03/09)
When should this form be used?
This form should be used when you are responding to a supplemental petition for modification of Parenting Plan, time-sharing schedule, child support, or alimony. This form is used to admit or deny all of the allegations in the supplemental petition if you do not plan to file a counterpetition. There is no form for a counterpetition to a supplemental petition in these Family Law Forms. If you want to file a counterpetition to a supplemental petition you will need to either seek legal assistance or create a form yourself. You may construct an answer and counterpetition using the pertinent sections contained in the Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(1), or Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(2).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the case was filed and keep a copy for your records. This must be done within 20 days of receiving the supplemental petition.
What should I do next?
A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. Regardless of whether you file a counterpetition, you have 20 days to answer after being served with the other party’s supplemental petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED... If you file an answer that agrees with everything in the other party’s supplemental petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If you file an answer which disagrees with or denies anything in the supplemental petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. If you request the hearing, you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
*214 Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. See chapter 61, Florida Statutes, for more information.
Special notes...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves child(ren).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if child support is an issue. (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with [Property but] No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2).
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time you file your answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time of you file your answer, unless you and the other party have agreed not to exchange these documents.)
Parenting and Time-Sharing... If you and your spouse are unable to agree about a Parenting Plan a judge will decide for you as part of establishing a parenting plan. The judge will decide the parenting and time-sharing arrangements based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the children) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. A parenting course must be completed prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
*215 Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
Shared Parental Responsibility
Sole Parental Responsibility
Supervised Time-Sharing
No contact
Parenting Plan
Parenting Plan Recommendation
Time-Sharing Schedule
Child Support... If this case involves child support issues, the court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief... If you need temporary relief regarding parental responsibility and time-sharing with ehild(ren), child support or alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a) or, if you need temporary relief regarding alimony and there are no dependent or minor child(ren), you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.
Settlement Agreement... If you and the other party are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/ Time-Sharing, Florida Supreme Court Approved Family Law Form 12.993(a), a Supplemental Final Judgment Modify *216 ing Child Support, Florida Supreme Court Approved Family Law Form 12.993(b), and a Supplemental Final Judgment Modifying Alimony, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use, as appropriate. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.903(e), Answer to Supplemental Petition (03/09)
[[Image here]]
*217 [[Image here]]
*218 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (03/09)
When should this form be used?
This form may be used to ask the court to enter a support order if you and your spouse are separated, and your spouse has the ability to contribute to you and your minor children), but has failed to do so. You can only use this form if a dissolution of marriage has not been filed and based upon the time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition cannot address the issues of property, debts, or parental responsibility and time-sharing with child(ren). It only deals with alimony and child support.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), after striking through “for Dissolution of Marriage” and inserting “for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren).” If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT. If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Ap *219 proved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED. If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. If the respondent files an answer or an answer and counter-petition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the eounterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.09, Florida Statutes.
Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form you must also file the following:
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent child(ren).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (e).
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final *220 judgment. (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief. If you need temporary relief regarding child support or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Final Judgment Form. These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/09)
[[Image here]]
*221 [[Image here]]
*222 [[Image here]]
*223 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(a), SUPPLEMENTAL PETITION TO MODIFY PARENTING PLAN/ TIME-SHARING SCHEDULE AND OTHER RELIEF (03/09)
When should this form be used?
This form should be used when you are asking the court to change the current Parenting Plan/time-sharing schedule. The court can change the Parenting Plan/ time-sharing schedule if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)’s best interests.
This form should be typed or printed in black ink. After completing this form, you *224 should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a dissolution of marriage, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days *225 using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a). If the parties have reached an agreement, the Parenting Plan should be signed by both parties. If you have not reached an agreement, a proposed Parenting Plan may be filed. If this case involves a request for relocation of a minor child, pursuant to section 61.13001, Florida Statutes, a proposed Parenting Plan must be attached.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Parenting and Time-Sharing. If you and the respondent are unable to agree a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting and time-sharing arrangements based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
*226 Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Résponsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the ehild(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief. If you need temporary relief regarding parental responsibility and time-sharing with child(ren), or temporary child support, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement. If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing. Final Judgment Form. These family law forms contain a Supplemental Final Judgment Modifying, Parenting Plan/ Time-Sharing schedule, Florida Supreme Court Approved Family Law Form 12.993(a), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms *227 also must put Ms or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parenting Plan/Time-Sharing Schedule and Other Relief (03/09)
[[Image here]]
*228 [[Image here]]
*229 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(b), SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT (03/09)
When should this form be used?
This form should be used when you are asking the court to change a current court-ordered child support obligation. The court can change a child support order if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)’s best interests.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the children) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family *230 Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.) Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the children) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both *231 parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief... If you need temporary relief regarding child support, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved ■ Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Supplemental Final Judgment Modifying Child Support, Florida Supreme Court Approved Family Law Form 12.993(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (03/09)
[[Image here]]
*232 [[Image here]]
*233 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(d), SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION OF PARENTING ISSUES FOR CHILD(REN) OF PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE (03/09)
When should this form be used?
This form should be used when a parent seeks a temporary modification of an order establishing custody, visitation, a parenting plan or time-sharing schedule because the parent is activated, deployed, or temporarily assigned to military service and the parent’s ability to comply with the prior order (s) and time-sharing schedule and is materially affected.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting dissolution of marriage, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Mem *234 orandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues. If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.13002, Florida Statutes.
Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
*235 • Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
• Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a) or (b). If the parties have reached an agreement, a signed and notarized Parenting Plan should be attached. If you have not reached an agreement, a proposed Parenting Plan may be filed. If this involves relocation of minor child(ren) pursuant to section 61.13001, Florida Statutes, a Parenting Plan must be attached.
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Temporary Judgment Form... These family law forms contain a Supplemental Temporary Judgment Modifying Parenting Issues for Children of a Parent Activated, Deployed or Temporarily Assigned to Military Service Florida Supreme Court Approved Family Law Form 12.993(d)), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (03/09)
[[Image here]]
*236 [[Image here]]
*237 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.940(d), MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION (03/09)
When should this form be used?
If a temporary injunction, either ex parte or after a hearing, has been entered against you, you may use this form to ask the court to modify or dissolve that injunction.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the injunction was entered and keep a copy for your records. You should ask the clerk to process your motion through their emergency procedures. A hearing will be held within 5 working days. You should ask for the date and time of your hearing and should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and send a copy to the other party.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party, along with a notice of hearing.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.
Special notes...
With this form you must also file the following, if you have not already done so:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Af *238 fidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the parental responsibility or time-sharing of a minor child(ren) is at issue.
Order... These family law forms contain an Order Dissolving Temporary Injunction, Florida Supreme Court Approved Family Law Form 12.940(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties names, and leave the rest blank for the judge to complete at your hearing or trial.
[[Image here]]
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.940(d), Motion to Modify or Dissolve Temporary Injunction (03/09)
*239 [[Image here]]
*240 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(a), VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (03/09)
When should this form be used?
You should use this form if you want the court to enter an order that your minor ehild(ren) is (are) not to be removed from the State of Florida while a case involving parenting or time-sharing is pending, that passport services for the minor children) be prohibited, and/or that existing passports be turned over to you.
This form should be typed or printed in black ink. If you want the court to enter an ex parte order, without giving the other side advance notice of the hearing, you should explain your reasons in paragraph 5 of this form. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where your case is pending and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.
What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriffs office for further assistance. You must have this form and the court’s order, served by personal service on the other party. You should read the court’s order carefully. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion. If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and use personal service to notify the other party of your motion, the court’s order, if any, and the hearing.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.
Special notes...
If you have an attorney, your attorney must certify in writing the efforts that have been made to give the other party notice, if no notice is given. The court may require you to post a bond as a condition of the injunction.
With this form you must also file the following, if you have not already done so, and provide a copy to the other party:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
Temporary Injunctions... These family law forms contain a Temporary Injunction to Prevent Removal of Minor *241 Child(ren) and/or Denial of Passport Services (Ex Parte), Florida Supreme Court Approved Family Law Form 12.941(b), which the judge may use if he or she enters an order without a hearing, and a Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice), Florida Supreme Court Approved Family Law Form 12.941(c), which the judge may use if he or she enters an order after a hearing. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (08/09)
[[Image here]]
*242 [[Image here]]
*243 [[Image here]]
*244 [[Image here]]
*245 [[Image here]]
*246 [[Image here]]
*247 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(d), EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER (03/09)
When should this form be used?
You may use this form to request that the court enter an order directing the sheriff or other law enforcement officer to take a minor child(ren) from the person who currently has physical possession of the child(ren) and deliver the child(ren) to your physical custody or possession. This form should only be used in an emergency by a person who has a pre-existing legal right to physical possession of a minor child. This means that you already have a court order awarding you legal custody of or time-sharing with the children) OR you are the birth mother of one or more children born out of wedlock and no court order has addressed any other persons parental rights. Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.
This form should be typed or printed in black ink. This form presumes that you want the court to enter an ex parte order without giving the other side advance notice of the hearing. You should explain your reasons for why such an ex parte order should be entered in paragraph 7 of this form. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original, along with all of the other forms required, with the clerk of the circuit court in the county where the child(ren) is (are) physically located and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.
What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriffs office for further assistance. You must have this form and the courts order served by personal service on the other party. You should read the courts order carefully. The order may require the sheriff to place the child(ren) somewhere other than in your physical possession. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.
If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, and use personal service to notify the other party of your motion, the courts order, if any, and the hearing.
Special notes...
With this form you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• A certified copy of the court order showing that you have legal custody of or time-sharing with the children), if any.
*248 OR
A certified copy of the child(ren)’s birth certificate, if you are the birth mother of a child born out of wedlock and no court order addressing paternity exists.
OR
A certified copy of any judgment establishing paternity, time-sharing with or custody of the minor child(ren).
Order... These family law forms contain an Order to Pick-Up Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.941(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-up Order (03/09)
[[Image here]]
*249 [[Image here]]
*250 [[Image here]]
*251 [[Image here]]
*252 [[Image here]]
*253 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.942(a), MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM (03/09)
When should this form be used?
This form may be used by either party in a family law case involving parenting, time-sharing, or paternity of a minor children) to request that the judge appoint a guardian ad litem to represent the best interests of the minor child(ren). You should use this form if you feel that your ehild(ren) needs someone other than you to ensure that both the judicial system and the other party(ies) act(s) in the best interests of the ehild(ren). A guardian ad litem may be a volunteer who has been trained and certified by the State of Florida Guardian ad Litem Program or an attorney who is a member in good standing with The Florida Bar.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
It is possible that there will be a hearing on your motion. The judge may want to hear the reasons you feel an appointment of a guardian ad litem is necessary, or, the other party may object to your motion. If a hearing is required, check with the clerk of court, family law court staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form, and provide a copy to the other party.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. You may also want to contact the Guardian ad Litem Program office in your area or see sections 61.401-405, Florida Statutes.
Special notes...
Order... These family law forms contain an Order Appointing a Guardian ad Li-tem, Florida Supreme Court Approved Family Law Form 12.942(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave *254 the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.942(a), Motion for Appointment of Guardian ad Litem (03/09)
[[Image here]]
*255 [[Image here]]
*256 [[Image here]]
*257 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.943, MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES (03/09)
When should this form be used?
Child support in Florida is determined by the child support guidelines found in section 61.30, Florida Statutes. The court, at its discretion, may raise or lower the child support guidelines amount by up to 5%. In addition, the court may raise or lower the guidelines support amount by more than 5%, if written reasons are given for the adjustment. The court may make these additional adjustments based on certain considerations, which are reflected in this form. You should review this form to determine if any of the reasons for adjusting the child support guidelines amount apply to your situation and you should complete this form only if you want the court to order more child support or less child support than the amount required by the child support guidelines.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see section 61.30, Florida Statutes.
Special notes...
More information on the child support guidelines as well as a chart for converting income and expenses to monthly amounts if paid or incurred on other than a monthly basis is contained in the instructions to Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
With this form you must also file the following, if not already filed:
• Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, *258 you should file this worksheet as soon as you receive a copy of his or her financial affidavit.)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (03/09)
[[Image here]]
*259 [[Image here]]
*260 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.947(a), MOTION FOR TEMPORARY SUPPORT AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN) (03/09)
When should this form be used?
This form may be used by:
(1) The respondent or the petitioner in a pending dissolution of marriage action. For you to use this form, a petition for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (alimony); temporary time-sharing schedule with minor child(ren); 'temporary child support; and other relief.
OR
(2) The petitioner in a pending action for support unconnected with dissolution. For you to use this form, a *261 petition for support unconnected with dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony) and/or temporary child support.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition for dissolution of marriage was filed and keep a copy for your records.
What should I do next?
A copy of this form, along with all of the other forms required with this motion, must be mailed or hand delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a hearing on your motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. Words in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.
Special notes...
If you use paragraph l.c. of this form to ask the court to enter a temporary injunction, the court may require you to post a bond.
With this form you must also file the following, if not already filed:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if this case involves a minor or dependent children).
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that temporary child support be ordered. (If you do not know the other party’s income, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)
The parties seeking relief shall serve a financial affidavit (Florida Family Law Rules of Procedure Form 12.902(b) or (c)) and certificate of compliance (Florida Family Law Rules of Procedure Form 12.932) with the notice of hearing on the motion for temporary support and time-sharing.
Parenting Plan. If you have reached an agreement on either a temporary Parenting Plan or time-sharing schedule, the proposed temporary Parenting Plan or time-sharing schedule, signed by both parties, should be filed. (Either Florida Supreme Court Family Law Form 12.995(a) or 12.995(b)). If you have not reached an agreement, a proposed Parenting Plan or temporary time-sharing schedule may be filed for consideration by the Court.
Temporary Order... These family law forms contain a Temporary Order for Support and Time-Sharing with Dependent or Minor Child(ren), Florida Su- *262 prerae Court Approved Family Law Form 12.947(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren) (03/09)
[[Image here]]
*263 [[Image here]]
*264 [[Image here]]
*265 [[Image here]]
*266 [[Image here]]
*267 [[Image here]]
*268 [[Image here]]
*269 [[Image here]]
*270 [[Image here]]
*271 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.960, MOTION FOR CIVIL CONTEMPT/ENFORCEMENT (03/09)
When should this form be used?
You may use this form to ask the court to enforce a prior court order or final judgment.
What should I do next?
To initiate a civil contempt/enforcement proceeding against a party who is not complying with a prior court order, you must file a motion with the court explaining what the party has failed tó do. This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
A copy of this form must be personally served by a sheriff or private process server or mailed* or hand delivered to any other party(ies) in your ease. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a). The court will then set a hearing. You should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing. Once you know the time and date of the hearing, you will need to complete Notice of Hearing on Motion for Contempt/Enforcement, Florida Supreme Court Approved Family Law Form 12.961, or, if applicable, Notice of Hearing (Child Support Enforcement Hearing Officer), Florida Supreme Court Approved Family Law Form 12.921, or [Notice of Hearing Before] General Magistrate, Florida Family Law Rules of Procedure Form 12.920[ (c) ], which will specify a time and place for a hearing on the issue. A copy of this form must be mailed or hand delivered to the other party. Again, if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the notice personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see *272 the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a). At the hearing, as in any other civil proceeding, you, as the moving party, will have the burden of proving the other party has not obeyed a prior court order. Once noncompliance is established, the other party will have an opportunity to show an inability to comply with the prior court order. If he or she is unable to do so, the judge may find the other party to be in contempt. If so, the judge may order appropriate sanctions to compel compliance by the other party, including jail, payment of attorneys’ fees, suit money, or costs, and coercive or compensatory fines, and may order any other relief permitted by law.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.960, Motion for Civil Con-tempVEnforcement (03/09)
[[Image here]]
*273 [[Image here]]
*274 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(a), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE (03/09)
When should this form be used?
If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner’s family or household members. In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all relevant factors alleged in the petition, including, but not limited to the following:
1. The history between the petitioner and the respondent, including, threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner’s child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from *275 leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10.Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.
The domestic violence laws only apply to your situation if the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren) whether or not you have ever been married or ever lived together. With the exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same single dwelling unit. If the respondent is not one of the above, you should look at Petition for Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(f), to determine if your situation will qualify for an injunction for protection against repeat violence, or Petition for Injunction for Protection Against Dating Violence, Florida Supreme Court Approved Family Law Form 12.980(n), to determine if your situation will qualify for an injunction for protection against dating violence, or Petition for Injunction for Protection Against Sexual Violence, Florida Supreme Court Approved Family Law Form 12.980(q), to determine if your situation will qualify for an injunction for protection against sexual violence.
If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents or your legal guardian must sign this petition with you.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a notary public or the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an imminent danger of domestic violence exists, the judge will sign an immediate Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.980(c)(1). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court *276 may extend the temporary injunction beyond 15 days for a good reason, which may include faitee to obtain service on the respondent.
The temporary injunction is issued ex parte. This means that the judge has considered only the information presented by one side — YOU. The temporary injunction gives a date that you should appear in court for a hearing. At that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren)(After Notice), Florida Supreme Court Approved Family Law Form 12.980(d)(1), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied solely on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition, unless you request that no hearing be set. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence, Florida Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see chapter 741, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
Special notes...
With this form you may also need to file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues with regard to your parenting plan or timesharing for a minor child(ren). “Parenting plan” means a document created to govern the relationship between the parties relating to the decisions that must be made regarding the minor children) and shall contain a time-sharing schedule for the parents and children). The issues concerning the minor ehild(ren) may include, but are not limited to, the *277 ehild(ren)’s education, health care, and physical, social, and emotional well-being. In creating the plan, all circumstances between the parties, including the parties’ historic relationship, domestic violence, and other factors must be taken into consideration. The parenting plan shall be developed and agreed to by the parents and approved by a court, or, if the parents cannot agree, established by the court. “Time-sharing schedule” means a timetable that must be included in the parenting plan that specifies the time, including overnights and holidays, that a minor child will spend with each parent. If developed and agreed to by the parents of a minor child, it must be approved by the court. If the parents cannot agree, the schedule shall be established by the court.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), must be completed and filed if you are asking the court to determine issues of temporary child support.
[[Image here]]
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.
Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided on the petition.
Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/09)
*278 [[Image here]]
*279 [[Image here]]
*280 [[Image here]]
*281 [[Image here]]
*282 [[Image here]]
*283 [[Image here]]
*284 [[Image here]]
*285 [[Image here]]
*286 [[Image here]]
*287 [[Image here]]
*288 [[Image here]]
*289 [[Image here]]
*290 [[Image here]]
*291 [[Image here]]
*292 [[Image here]]
*293 [[Image here]]
*294 [[Image here]]
*295 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(1), STEPPARENT ADOPTION: CONSENT AND WAIVER BY PARENT (03/09)
When should this form be used?
This form is to be completed and signed by the parent who is giving up all rights to, custody of, and time sharing with the minor child to be adopted. This consent shall not be executed before the birth of the minor child. For more information about consenting to adoption, you should refer to Chapter 63, Florida Statutes, and sections 63.062-63.082, Florida Statutes, in particular.
This form should be typed or printed in black ink. It must be signed in the presence of a notary public or deputy clerk and two witnesses other than the notary or clerk. You should file this form with the Joint Petition for Adoption by Stepparent, Florida Supreme Court Approved Family Law Form 12.981(b)(1).
After completing this form, you should hand deliver a copy or duplicate original to the parent giving consent and have them sign the original saying they received a copy. Then you should file the original with the clerk of the circuit court in the county where the Joint Petition for Adoption by Stepparent, Florida Supreme Court Approved Family Law Form 12.981(b)(1) is filed and keep a copy for your records.
Special notes...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.981(a)(1), Stepparent Adoption: Consent and Waiver by Parent (03/09)
[[Image here]]
*296 [[Image here]]
*297 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(b)(1), JOINT PETITION FOR ADOPTION BY STEPPARENT (03/09)
When should this form be used?
This form should be used when a stepparent is adopting his or her spouse’s child. Both the stepparent and his or her spouse must sign this petition. You must attach all necessary consents or acknowledgments that apply to your case, as listed under the Special Notes section below. Florida Statutes require that consent to adoption be obtained from:
• the mother of the minor.
• the father of the minor if:
1. the minor was conceived or born while the father was married to the mother;
2. the minor is his child by adoption;
3. the minor has been established by a court proceeding to be his child;
4. he has filed an affidavit of paternity pursuant to section 382.013(2)(e) Florida Statutes; or
5. in the case of an unmarried biological father, he has acknowledged in writing, signed in the presence of a competent witness, that he is the father of the minor, has filed such acknowledgment with the Office of Vital Statistics of the Department of Health within the required timeframes, and has complied with the requirements of section 63.062(2).
Determining whether someone’s consent is required, or when consent may not be required — is a complicated issue and you may wish to consult an attorney. For more information about consenting to adoption, you should refer to Chapter 63, Florida Statutes, and sections 63.062-63.082 in particular.
This form should be typed or printed in black ink. The name to be given to the children) after the adoption should be used in the heading of the petition. The stepparent is the petitioner, because he or she is the one who is asking the court for legal action. After completing this form, you and your spouse must sign it before a notary public or deputy clerk. You should then file the original and 1 copy with the clerk of the circuit court in the county where the minor resides unless the court changes the venue.
What should I do next?
For your case to proceed, you must have the written consent of the other birth parent and the child, if applicable. The court *298 may choose not to require consent to an adoption in some circumstances. For more information about situations where consent may not be required, see section 68.064, Florida Statutes. If you are attempting to proceed without the consent of the other birth parent, you may wish to consult with an attorney. Section 68.054, Florida Statutes, requires that in each adoption proceeding, the Florida Putative Father Registry be searched. You will need an order from the judge to do this, which you can request by filing a Motion for Search of the Putative Father Registry, Florida Supreme Court Approved Family Law Form 12.981(a)(6).
When you have filed all of the required forms and met the requirements as outlined above, you are ready to set a hearing on your petition. You should check with the clerk of court, family law intake staff or the judicial assistant to set a final hearing. If all persons required to consent have consented and the consents/affidavits of nonpaternity have been filed with the court, the hearing may be held immediately. If not, notice of the hearing must be given as provided by the Rules of Civil Procedure. See Form 1.902, Florida Rules of Civil Procedure. If you know where the other birth parent lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. In order to use constructive service you will need to complete and submit to the court Stepparent Adoption: Affidavit of Diligent Search, Florida Supreme Court Approved Family Law Form 12.981(a)(4). For more information about personal and constructive service, you should refer to the “General Instructions for Self-Represented Litigants” found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. See Chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.
Special notes...
With this petition you must file the following:
• Consent form executed by the birth parent, Stepparent Adoption: Consent and Waiver by Parent, Florida Supreme Court Approved Family Law Form 12.981(a)(1) or Stepparent Adoption: Affidavit of Nonpaternity, Florida Supreme Court Approved Family Law Form 12.981(a)(3).
• If any person whose consent is required is deceased, a certified copy of the death certificate must be attached to this Petition.
• Consent form executed by the minor child(ren), if the child(ren) is/are over 12 years of age, Stepparent Adoption: Consent of Adoptee, Florida Supreme Court Approved Family Law Form 12.981(a)(2). The court can excuse filing of this form under certain circumstances.
• Certified copy of the child(ren)’s birth certificate.
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• If applicable, Stepparent Adoption: Motion for Search of the Putative *299 Father Registry, Florida Supreme Court Approved Family Law Form 12.981(a)(6).
These family law forms contain a Final Judgment of Stepparent Adoption, Florida Supreme Court Approved Family Law Form 12.981(b)(2), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment form with you to the hearing. If so, you should type or print the heading, including the circuit, county case number, division, and the child(ren)’s names, and leave the rest blank for the judge to complete at your hearing. You should decide how many certified copies of the final judgment you will need and be prepared to obtain them after the hearing. There is a charge for certified copies, and the clerk can tell you how much. The file will be sealed after the final hearing, and then it will take an order from a judge to open the file and obtain a copy of the final judgment.
AN ADOPTIVE STEPPARENT WILL CONTINUE TO HAVE PARENTAL RIGHTS, INCLUDING CUSTODY AND TIMESHARING, WHERE APPROPRIATE, IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE, AND MAY BE LIABLE FOR CHILD SUPPORT IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE. YOU COULD BE LIABLE IN LITIGATION FOR THE ACTIONS OF THE ADOP-TEE(S). THIS ADOPTION MAY ALSO AFFECT THE ADOPTEE’S INHERITANCE.
Remember, a person who is NOT an attor-, ney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent (03/09)
[[Image here]]
*300 [[Image here]]
*301 [[Image here]]
*302 [[Image here]]
*303 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(a), PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (03/09)
When should this form be used?
This form should be used by a birth mother or father to ask the court to establish paternity, a time-sharing schedule, and/or child support of a minor child or children. This means that you are trying to legally establish who is the father of the children).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the respondent of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. However, if constructive service is used, the court may only grant limited relief. You should seek legal advice on constructive service in a paternity case. For more information see chapter 49, Florida Statutes, or you may contact Child Support Enforcement at the Florida Department of Revenue if you need assistance with your case.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, *304 after you have complied with mandatory disclosure, completed the scientific paternity testing, if necessary, and filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.983(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
More than one child of the same alleged father may be listed on a single petition. However, if you are filing a paternity action involving more than one possible father, a separate petition must be filed for each alleged father.
If the respondent files an answer denying that the person named in the petition is the ehild(ren)’s father, one of you should file a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(e). This is used to ask the court to order a scientific test to determine who is the child(ren)’s father. If the father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a on this form.
If the paternity of a child who was conceived or born during a marriage is at issue, the court may appoint a guardian ad litem to assist the court in this matter and to protect the rights of child.
With this petition, you must file the following and provide a copy to the other party:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days, if not filed with the petition, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been filed.)
• Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a), or Supervised/Safety Focused Parenting Plan, Form 12.995(b). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not *305 reached an agreement, a proposed Parenting Plan may be filed.
Parenting Plan and Time-Sharing. If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)’s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor or dependent child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Many circuits require that parents of a minor or dependent child(ren) who are involved in dissolution or paternity actions attend mediation before being allowed to schedule a final hearing. A parenting course must be completed prior to entry of the final judgment. You should check with your local clerk of court’s office, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the children) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments. These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person *306 must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Relief (03/09)
[[Image here]]
*307 [[Image here]]
*308 [[Image here]]
*309 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(b), ANSWER TO PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (03/09)
When should this form be used?
This form should be used when you are responding to a petition to determine paternity. You may use this form to admit or deny the allegations contained in the petition. However, if you wish to ask the court for things not included in the petition, such as, parental responsibility and time-sharing or child support, you should file an Answer to Petition and Counter-petition to Determine Paternity and for Related Relief, Florida Supreme Court Approved Family Law Form 12.983(c).
This form should be typed or printed in black ink. After completing this form, you should sign this form before a notary public or deputy clerk. You should then file the' original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
If you deny that the person named in the petition is the child(ren)’s father, a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
You have 20 days to file an answer to the other party’s petition. A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. After you file your answer, the *310 case will generally proceed in one of the following two ways:
UNCONTESTED. This case is uncontested if you and the petitioner agree on all issues raised in the petition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. This case is contested if you and the other party disagree on any issues raised in the petition. If you are unable to settle the disputed issues, either party may file a Notice for Trial Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
Special notes...
With this answer, you must file the following and provide a copy to the other party:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this form after the other party files his or her financial affidavit.)
Many circuits require completion of mediation before being allowed to schedule a final hearing. A parenting course must be completed prior to entry of the final judgment. You should check with your local clerk, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Parenting Plan and Time-Sharing. If the parents are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)’s best interests. Regardless of whether there is an agreement between the parties, *311 the court reserves jurisdiction to modify issues relating to minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401 and 61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments. These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from a Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (03/09)
[[Image here]]
*312 [[Image here]]
*313 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(c), ANSWER TO PETITION AND COUN-TERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (03/09)
When should this form be used?
This form should be used when you are responding to a petition to determine paternity and asking the court for something different than what was in the petition, such as parental responsibility, time-sharing, and child support. The answer is used to admit or deny the allegations contained in the petition, and the counterpetition is used to ask for whatever you want the court to do for you. The other party has 20 days to answer your counterpetition after being served with your counterpetition.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to file an answer or answer and counterpetition to the other party’s petition. A copy of this form, along with all of the other forms required with this answer and counterpetition, must be mailed or hand delivered to the other party in your case.
If you deny that the person named in the petition is the child(ren)’s father, a Motion for Scientific Paternity Testing Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
After you file an answer and counterpetition, the case will then generally proceed as follows:
UNCONTESTED. This case is uncontested if you and the other party agree on all issues raised in the petition and the coun-terpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. This case is contested if you and the other party disagree on any issues raised in the petition or counterpet-ition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
*314 Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants for some basic information. The words that are in bold underline in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
Special notes...
If the child(ren)’s father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a of the counterpetition part of this form. With this answer, you must file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Notice of Social Security Number Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you if not filed with this answer.)
• Certificate of Compliance with Mandatory Disclosure Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed with this answer, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been filed.)
• Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) or Supervised/Safety-Focused Parenting Plan, Form 12.995(b). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
Many jurisdictions may require the completion of mediation before a final hearing may be set. A parenting course must be completed prior to entry of the final judgment. You should contact the office of your local clerk of court, family law intake staff, or the judicial assistant about requirements for parenting courses or mediation where you live.
Parenting Plan and Time-Sharing. If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor children).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is being served. For more information, you may consult section 61.401 and 61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or *315 their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendations
• Time-Sharing Schedule
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Parenting Plan. In all cases involving minor or dependent ehild(ren), a Parenting Plan shall be approved or established by the court. If the parties have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a)or a Supervised/Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. A Parenting Plan will be established by the court.
Final Judgments. These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Relief (03/09)
[[Image here]]
*316 [[Image here]]
*317 [[Image here]]
*318 [[Image here]]
*319 [[Image here]]
*320 [[Image here]]
*321 [[Image here]]
*322 [[Image here]]
*323 [[Image here]]
*324 [[Image here]]
*325 [[Image here]]
*326 [[Image here]]
*327 [[Image here]]
2. The liabilities listed below are marital liabilities and are divided as indicated. Each party shall hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.
*328 [[Image here]]
*329 [[Image here]]
*330 [[Image here]]
*331 [[Image here]]
*332 [[Image here]]
*333 [[Image here]]
*334 [[Image here]]
*335 [[Image here]]
*336 [[Image here]]
*337 [[Image here]]
*338 [[Image here]]
*339 [[Image here]]
*340 [[Image here]]
*341 [[Image here]]
*342 [[Image here]]
*343 [[Image here]]
*344 [[Image here]]
*345 [[Image here]]
*346 [[Image here]]
*347 [[Image here]]
*348 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(a), PARENTING PLAN (03/09)
When should this form be used?
A Parenting Plan is required in all cases involving time-sharing with minor child(ren), even when time-sharing is not in dispute. This form or a similar form should be used in the development of a Parenting Plan. If the case involves supervised time-sharing, the Supervised/Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) or a similar form should be used.
This form should be typed or printed in black ink. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If an agreed Parenting Plan is not filed by the parties, the Court shall establish a Plan.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
Special notes...
At a minimum, the Parenting Plan must describe in adequate detail:
• How the parties will share and be responsible for the daily tasks associated with the upbringing of the children),
• The time-sharing schedule arrangements that specify the time that the minor children) will spend with each parent,
• A designation of who will be responsible for any and all forms of health care, school-related matters, other activities, and
• The methods and technologies that the parents will use to communicate with the child(ren).
The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, includ *349 ing the parties’ historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the minor child(ren), including, but not limited to:
• The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
• The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
• The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the ehild(ren) as opposed to the needs or desires of the parent;
• The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
• The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
• The moral fitness of the parents;
• The mental and physical health of the parents;
• The home, school, and community record of the children);
• The reasonable preference of the ehild(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
• The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the ehild(ren)’s friends, teachers, medical care providers, daily activities, and favorite things;
• The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
• The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the ehild(ren);
• Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought;
• Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
• The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
• The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)’s school and extracurricular activities;
*350 • The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
• The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the children), and refraining from disparaging comments about the other parent to the children); and
• The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)’s developmental needs.
This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.995(a), Parenting Plan (03/09)
[[Image here]]
*351 [[Image here]]
*352 [[Image here]]
*353 [[Image here]]
*354 [[Image here]]
*355 [[Image here]]
*356 [[Image here]]
*357 [[Image here]]
*358 [[Image here]]
*359 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(b), SUPERVISED/SAFETY-FOCUSED PARENTING PLAN (03/09)
When should this form be used?
A Parenting Plan is required in all cases involving minor child(ren). This form or a similar form should be used in cases when you feel your child(ren) cannot be safely alone with the other parent or if you believe shared parental responsibility presents a detriment to the child(ren). In this case, a Parenting Plan must be developed that allows time-sharing with any minor children), while providing protection for the chilcl(ren). If safety or supervised time-sharing is not a concern, Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) should be used.
This form should be typed or printed in black ink. If an Agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If an agreed Parenting Plan is not filed by the parties, the Court shall establish a Plan.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
Special notes...
At a minimum, the Parenting Plan must describe in adequate detail:
• How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
• The time-sharing schedule arrangements that specify the time that the minor children) will spend with each parent,
• A designation of who will be responsible for any and all forms of health care, school-related matters, other activities, and
• The methods and technologies that the parents will use to communicate with the ehild(ren).
The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including the parties’ historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the minor child(ren), including, but not limited to:
• The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
• The anticipated division of parental responsibilities after the litigation, including the extent to which parental *360 responsibilities will be delegated to third parties;
• The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
• The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
• The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
• The moral fitness of the parents;
• The mental and physical health of the parents;
• The home, school, and community record of the ehild(ren);
• The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
• The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor ehild(ren), including, but not limited to, the child(ren)’s friends, teachers, medical care providers, daily activities, and favorite things;
• The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
• The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor ehild(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the ehild(ren);
• Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought;
• Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
• The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
• The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)’s school and extracurricular activities;
• The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
• The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child(ren); and
• The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each par *361 ent to meet the child(ren)’s developmental needs.
This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (03/09)
[[Image here]]
*362 [[Image here]]
*363 [[Image here]]
*364 [[Image here]]
*365 [[Image here]]
*366 [[Image here]]
FAMILY LAW FORMS, COMMENTARY, AND INSTRUCTIONS GENERAL INFORMATION FOR SELF-REPRESENTED LITIGANTS (03/09)
You should read this General Information thoroughly before taking any other steps to file your case or represent yourself in court. Most of this information is not repeated in the attached forms. This information should provide you with an overview of the court system, its participants, and its processes. It should be useful whether you want to represent yourself in a pending matter or have a better understanding of the way family court works. This is not intended as a substitute for legal advice from an attorney. Each case has its own particular set of circumstances, and an attorney may advise you of what is best for you in your individual situation.
These instructions are not the only place that you can get information about how a family case works. You may want to look at other books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure, and other legal information or books may be found at the public library or in a law library at your county courthouse or a law school in your area. If you are filing a petition for Name Change and/or Adoption, these instructions may not apply.
If the word(s) is printed in bold, this means that the word is being emphasized. Throughout these instructions, you will also find words printed in bold and underlined. This means that the definitions of these words may be found in the glossary of common family law terms at the end of this general information section.
Commentary
1995 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added these simplified forms and directions to the Florida Family Law Rules of Procedure. The directions refer to the Florida Family Law Rules of Procedure or the Florida Rules of Civil Procedure. Many of the forms were adapted from the forms accompanying the Florida Rules of Civil Procedure. Practitioners should refer to *367 the committee notes for those forms for rule history.
The forms were adopted by the Court pursuant to Family Law Rules of Procedure, 667 So.2d 202 (Fla.1996); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar-Stepparent Adoption Forms, 613 So.2d 900 (Fla.1992); Rules Regulating the Florida Bar-Approval of Forms, 581 So.2d 902 (Fla.1991).
Although the forms are part of these rules, they are not all inclusive and additional forms, as necessary, should be taken from the Florida Rules of Civil Procedure as provided in Florida Family Law Rules of Procedure. Also, the following notice has been included to strongly encourage individuals to seek the advice, when needed, of an attorney who is a member in good standing of the Florida Bar.
1997 Amendment. In 1997, the Florida Family Law Forms were completely revised to simplify and correct the forms. Additionally, the appendices were eliminated, the instructions contained in the appendices were incorporated into the forms, and the introduction following the Notice to Parties was created. Minor changes were also made to the Notice to Parties set forth below.
NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN GOOD STANDING OF THE FLORIDA BAR
If you have questions or concerns about these forms, instructions, commentary, the use of the forms, or your legal rights, it is strongly recommended that you talk to an attorney. If you do not know an attorney, you should call the lawyer referral service listed in the yellow pages of the telephone book under “Attorney.” If you do not have the money to hire an attorney, you should call the legal aid office in your area.
Because the law does change, the forms and information about them may have become outdated. You should be aware that changes may have taken place in the law or court rules that would affect the accuracy of the forms or instructions.
In no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms or instructions be liable for any direct, indirect, or consequential damages resulting from their use.
FAMILY LAW PROCEDURES
Communication with the court Ex parte communication is communication with the judge with only one party present. Judges are not allowed to engage in ex parte communication except in very limited circumstances, so, absent specific authorization to the contrary, you should not try to speak with or write to the judge in your case unless the other party is present or has been properly notified. If you have something you need to tell the judge, you must ask for a hearing and give notice to the other party or file a written statement in the court file and send a copy of the written statement to the other party.
Filing a case. A case begins with the filing of a petition. A petition is a written request to the court for some type of legal action. The person who originally asks for legal action is called the petitioner and remains the petitioner throughout the case.
A petition is given to the clerk of the circuit court, whose office is usually located in the county courthouse or a branch of the county courthouse. A case number is *368 assigned and an official court file is opened. Delivering the petition to the clerk’s office is called filing a case. A filing fee is usually required.
Once a case has been filed, a copy must be given to (served on) the respondent. The person against whom the original legal action is being requested is called the respondent, because he or she is expected to respond to the petition. The respondent remains the respondent throughout the case.
Service. When one party files a petition, motion, or other pleading, the other party must be “served” with a copy of the document. This means that the other party is given proper notice of the pending aetion(s) and any scheduled hearings. Personal service of the petition and summons on the respondent by a deputy sheriff or private process server is required in all original petitions and supplemental petitions, unless constructive service is permitted by law. Personal service may also be required in other actions by some judges. After initial service of the original or supplemental petition and summons by a deputy sheriff or private process server, service of most motions and other documents or papers filed in the case generally may be made by regular U.S. mail or hand delivery. However, service by certified mail is required at other times so you have proof that the other party actually received the papers. The instructions with each form will advise you of the type of service required for that form. If the other party is represented by an attorney, you should serve the attorney and send a copy to the other party, except for original or supplemental petitions, which must be personally served on the respondent.
Other than the initial original or supplemental petitions, anytime you file additional pleadings or motions in your case, you must provide a copy to the other party and include a certificate of service. Likewise, the other party must provide you with copies of everything that he or she files. Service of additional documents is usually completed by U.S. mail. For more information, see the instructions for Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914.
Forms for service of process are included in the Florida Family Law Forms, along with more detailed instructions and information regarding service. The instructions to those forms should be read carefully to ensure that you have the other pai’ty properly served. If proper service is not obtained, the court cannot hear your case.
Note: If you absolutely do not know where the other party to your case lives or if the other party resides in another state, you may be able to use constructive service. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). Additionally, if the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
Default... After being served with a petition or counterpetition, the other party has 20 days to file a response. If a response to a petition is not filed, the *369 petitioner may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk. This means that you may proceed with your case and set a final hearing, and a judge will make a decision, even if the other party will not cooperate. For more information, see rule 12.080(c), Florida Family Law Rules of Procedure.
Answer and counterpetition... After being served, the respondent has 20 days to file an answer admitting or denying each of the allegations contained in the petition. In addition to an answer, the respondent may also file a counterpetition. In a counterpetition, the respondent may request the same or some other relief or action not requested by the petitioner. If the respondent files a counterpetition, the petitioner should then file an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d), and either admit or deny the allegations in the respondent’s counterpetition.
Mandatory disclosure... Rule 12.285, Florida Family Law Rules of Procedure, requires each party in a dissolution of marriage to exchange certain information and documents, and file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Failure to make this required disclosure within the time required by the Florida Family Law Rules of Procedure may allow the court to dismiss the case or to refuse to consider the pleadings of the party failing to comply. This requirement also must be met in other family law cases, except adoptions, simplified dissolutions of marriage, enforcement proceedings, contempt proceedings, and proceedings for injunctions for domestic or repeat violence. The Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, lists the documents that must be given to the other party. For more information see rule 12.285, Florida Family Law Rules of Procedure, and the instructions to the Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932.
Parenting Plan. If your case involves minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a) or Supervised/Safety-Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b). The Parenting Plan shall be developed and agreed to by the parents and approved by a court or, if the parents cannot agree, established by the court. The Parenting Plan shall contain a time-sharing schedule and should address the issues regarding the child(ren)’s education, health care, and physical, social, and emotional well-being.
Setting a hearing or trial. Generally, the court will have hearings on motions, final hearings on uncontested or default cases, and trials on contested cases. Before setting your case for final hearing or trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met. These requirements vary depending on the type of case and the procedures in your particular jurisdiction. For further information, you should refer to the instructions for the type of form you are filing.
Next, you must obtain a hearing or trial date so that the court may consider your request. You should ask the clerk of court, or family law intake staff about the local procedure for setting a hearing or trial, which you should attend. These family law forms contain orders and final judgments, which the judge may use. You should ask the clerk of court or family law intake staff if you need to bring one of *370 these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Below are explanations of symbols or parts of different family law forms ...

{specify}, {date}, {name(s)}, {street}, {city}, {state}, {phone}

Throughout these forms, you will find hints such as those above. These tell you what to put in the blank(s).
[one only] [all that apply]
These show how many choices you should check. Sometimes you may check only one, while other times you may check several choices. () This also shows an area where you must make a choice. Check the () in front of the choice that applies to you or your case.
[[Image here]]
Line 1 The clerk of court can tell you the number of your judicial circuit. Type or print it here.
Line 2 Type or print your county name on line (2).
Line 3 If you are filing an initial petition or pleading, the Clerk of the Court will assign a case number after the case is filed. You should type or print this case number on all papers you file in this case.
Line 4 The clerk of the court can tell you the name of the division in which your case is being filed, and you should type or print it here. Divisions vary from court to court. For example, your case may be filed in the civil division, the family division, or the juvenile division.
Line 5 Type or print the legal name of the person who originally filed the case on line 5. This person is the petitioner because he/she is the one who filed the original petition.
Line 6 Type or print the other party’s legal name on line 6. The other party is the respondent because he/she is responding to the petition.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: (1)____ (2)......
Signature of Petitioner
Printed Name: (3)_
Address: (4)_
City, State, Zip: (5)_
Telephone Number: (6)_
Fax Number: (7)_
*371 Some forms require that your signature be witnessed. You must sign the form in the presence of a notary public or deputy clerk (employee of the clerk of the court’s office). When signing the form, you must have a valid photo identification unless the notary knows you personally. You should completely fill in all lines (1 & 3-7) except 2 with the requested information, if applicable. Line 2, the signature line, must be signed in the presence of the notary public or deputy clerk.
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me_ on by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced
DO NOT SIGN OR FILL IN THIS PART OF ANY FORM. This section of the form is to be completed by the notary public who is witnessing your signature.
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} (1)_, a nonlawyer, located at {street} (2)_, {city} (3)_ {state} (4)-, {phone} (5)_, helped {name} (6)_ who is the petitioner, fill out this form.
This section should be completed by anyone who helps you fill out these forms but is not an attorney who is a member in good standing of The Florida Bar, which means that he or she is not licensed to practice law in Florida.
Line 1 The nonlawyer who helps you should type or print his or her name on line 1.
Lines 2-5 The nonlawyer’s address and telephone number should be typed or printed on lines 2-5.
Line 6 Your name should be typed or printed on line 6.
In addition, a Disclosure from Nonlaw-yer, Florida Family Law Rules of Procedure Form 12.900(a), should be completed if a nonlawyer assists you. The disclosure is available as a family law form and should be completed before the nonlawyer helps you. This is to be sure that you understand the role and limitations of a nonlawyer. You and the nonlawyer should keep a copy of this disclosure for your records.
FAMILY LAW GLOSSARY OF COMMON TERMS AND DEFINITIONS
Note: The following definitions are intended to be helpful, BUT they are not intended to constitute legal advice or address every possible meaning of the term(s) contained in this glossary.
Affidavit — a written statement in which the facts stated are sworn or affirmed to be true.
Answer — written response by a respondent that states whether he or she admits *372 (agrees with) or denies (disagrees with) the allegations in the petition. Any allegations not specifically denied are considered to be admitted.
Appeal — asking a district court of appeal to review the decision in your case. There are strict procedural and time requirements for filing an appeal.
Asset — everything owned by you or your spouse, including property, cars, furniture, bank accounts, jewelry, life insurance policies, businesses, or retirement plans. An asset may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Attorney — a person with special education and training in the field of law who is a member in good standing of The Florida Bar and licensed to practice law in Florida. An attorney is the only person who is allowed to give you legal advice. An attorney may file your case and represent you in court, or just advise you of your rights before you file your own case. In addition to advising you of your rights, an attorney may tell you what to expect and help prepare you for court. In family law matters, you are not entitled to a court-appointed lawyer, like a public defender in a criminal case. However, legal assistance is often available for those who are unable to hire a private attorney. You may consult the yellow pages of the telephone directory for a listing of legal aid or lawyer referral services in your area, or ask your local clerk of court or family law intake staff what services are available in your area. You may also obtain information from the Florida Supreme Court’s Internet site located at http://www.flcourts.org/courts/ supct.
Bond — money paid to the clerk of court by one party in a case, to be held and paid to an enjoined party in the event that the first party causes loss or damage of property as a result of wrongfully enjoining the other party.
Central Governmental Depository — the office of the clerk of court that is responsible for collecting and disbursing court-ordered alimony and child support payments. The depository also keeps payment records and files judgments if support is not paid.
Certificate of Service — a document that must be filed whenever a form you are using does not contain a statement for you to fill in showing to whom you are sending copies of the form. Florida Supreme Court Approved Family Law Form 12.914 is the certificate of service form and contains additional instructions.
Certified Copy — a copy of an order or final judgment, certified by the clerk of the circuit court to be an authentic copy.
Certified Mail- — mail which requires the receiving party to sign as proof that they received it.
Child Support — money paid from one parent to the other for the benefit of their dependent or minor child(ren).
Clerk of the Circuit Court — elected official in whose office papers are filed, a case number is assigned, and case files are maintained. The clerk’s office usually is located in the county courthouse.
Constructive Service — notification of the other party by newspaper publication or posting of notice at designated places when the other party cannot be located for personal service. You may also be able to use constructive service when the other party lives in another state. Constructive service is also called “service by publication.” However, when constructive service is used, the relief the Court may grant is limited. For more information on service, see the instructions for Florida Family Law Rules of Procedure Forms 12.910(a) *373 and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a).
Contested Issues — any or all issues upon which the parties are unable to agree and which must be resolved by the judge at a hearing or trial.
Contingent Asset — an asset that you may receive or get later, such as income, tax refund, accrued vacation or sick leave, a bonus, or an inheritance.
Contingent Liability — a liability that you may owe later, such as payments for lawsuits, unpaid taxes, or debts that you have agreed or guaranteed to pay if someone else does not.
Counterpetition — a written request to the court for legal action, which is filed by a respondent after being served with a petition.
Custody Order — a judgment or order incorporating a Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. ss. 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980.
Default — a failure of a party to respond to the pleading of another party. This failure to respond may allow the court to decide the case without input from the party who did not appear or respond.
Delinquent — late.
Dependent Child(ren) — child(ren) who depend on their parent(s) for support either because they are under the age of 18, they have a mental or physical disability that prevents them from supporting themselves, or they are in high school while between the ages of 18 and 19 and are performing in good faith with reasonable expectation of graduation before the age of 19.
Deputy Clerk — an employee of the office of the clerk of court, which is usually located in the county courthouse or a branch of the county courthouse.
Dissolution of Marriage — divorce; a court action to end a marriage.
Electronic Communication — Contact, other than face-to-face contact, facilitated by tools such as telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies, or other means of communication to supplement fact-to face contact between a parent and that parent’s minor child.
Enjoined — prohibited by the court from doing a specific act.
Ex Parte — communication with the judge by only one party. In order for a judge to speak with either party, the other party must have been properly notified and have an opportunity to be heard. If you have something you wish to tell the judge, you should ask for a hearing or file information in the clerk of court’s office, with certification that a copy was sent to the other party.
Family Law Intake Staff — a court’s employee(s) who is (are) available to assist you in filing a family law case. Family law intake staff are not attorneys and cannot give legal advice. They may only assist you with filling out the form(s). Your local clerk’s office can tell you if your county has such assistance available.
Filing — delivering a petition, response, motion, or other pleading in a court case to the clerk of court’s office.
Filing Fee — an amount of money, set by law, that the petitioner must pay when filing a case. If you cannot afford to pay the fee, you must file an Application for *374 Determination of Civil Indigent Status, to ask the clerk to file your case without payment of the fee. This form can be obtained from the clerk’s office.
Final Hearing — trial in your case.
Financial Affidavit — a sworn statement that contains information regarding your income, expenses, assets, and liabilities.
Final Judgment — a written document signed by a judge and recorded in the clerk of the circuit court’s office that contains the judge’s decision in your case.
Guardian ad Litem — a neutral person who may be appointed by the court to evaluate or investigate your child’s situation, and file a report with the court about what is in the best interests of your child(ren). Guardians do not “work for” either party. The guardian may interview the parties, visit their homes, visit the ehild(ren)’s school(s) and speak with teachers, or use other resources to make their recommendation.
Hearing — a legal proceeding before a judge or designated officer (general magistrate or hearing officer) on a motion.
Judge — an elected official who is responsible for deciding matters on which you and the other parties in your case are unable to agree. A judge is a neutral person who is responsible for ensuring that your case is resolved in a manner which is fair, equitable, and legal. A judge is prohibited by law from giving you or the other party any legal advice, recommendations, or other assistance, and may not talk to either party unless both parties are present, represented, or at a properly scheduled hearing.
Judicial Assistant — the judge’s personal staff assistant.
Liabilities — everything owed by you or your spouse, including mortgages, credit cards, or car loans. A liability may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Lump Sum Alimony — money ordered to be paid by one spouse to another in a limited number of payments, often a single payment.
Mandatory Disclosure — items that must be disclosed by both parties except those exempted from disclosure by Florida Family Law Rule 12.285.
Marital Asset — generally, anything that you and/or your spouse acquired or received (by gift or purchase) during the marriage. For example, something you owned before your marriage may be non-marital. An asset may only be determined to be marital by agreement of the parties or determination of the judge.
Marital Liability — generally, any debt that you and/or your spouse incurred during the marriage. A debt may only be determined to be nonmarital by agreement of the parties or determination of the judge.
Mediator — -a person who is trained and certified to assist parties in reaching an agreement before going to court. Mediators do not take either party’s side and are not allowed to give legal advice. They are only responsible for helping the parties reach an agreement and putting that agreement into writing. In some areas, mediation of certain family law cases may be required before going to court.
Modification — a change made by the court in an order or final judgment.
Motion — a request made to the court, other than a petition.
No Contact — a court order directing a party not speak to, call, send mail to, visit, or go near his or her spouse, ex-spouse, child(ren), or other family member.
*375 Nonlawyer — a person who is not a member in good standing of The Florida Bar.
Nonmarital Asset — generally, anything owned separately by you or your spouse. An asset may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonmarital Liability — generally, any debt that you or your spouse incurred before your marriage or since your separation. A debt may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonparty — a person who is not the petitioner or respondent in a court case.
Notary Public — a person authorized to witness signatures on court related forms.
Obligee — a person to whom money, such as child support or alimony, is owed.
Obligor' — a person who is ordered by the court to pay money, such as child support or alimony.
Order — a written decision signed by a judge and filed in the clerk of the circuit court’s office, that contains the judge’s decision on part of your case, usually on a motion.
Original Petition — see Petition.
Parenting Course — a class that teaches parents how to help them child(ren) cope with divorce and other family issues.
Parenting Plan — a document created to govern the relationship between the parties relating to the decisions that must be made regarding the minor child(ren). The Parenting Plan shall contain a time-sharing schedule for the parents and child(ren) and shall address the issues concerning the minor children). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)’s education, health care, physical, social, and emotional well-being. In creating the Plan, all circumstances between the parties, including the parties’ historic relationship, domestic violence, and other factors must be taken into consideration. The Parenting Plan shall be developed and agreed to by the parents and approved by a court, or if the parents cannot agree, established by the court.
Parenting Plan Recommendation — a Parenting Plan and time-sharing schedule developed a psychologist licensed under chapter 490 that is not binding on a court.
Party — a person involved in a court case, either as a petitioner or respondent.
Paternity Action — A lawsuit used to determine whether a designated individual is the father of a specific child or children.
Payor — an employer or other person who provides income to an obligor.
Permanent Alimony — spousal support ordered to be paid at a specified, periodic rate until modified by a court order, the death of either party, or the remarriage of the Obligee, whichever occurs first.
Personal Service — when a summons and a copy of a petition (or other pleading) that has been filed with the court are delivered by a deputy sheriff or private process server to the other party. Personal service is required for all petitions and supplemental petitions.
Petition — a written request to the court for legal action, which begins a court case.
Petitioner- — the person who files a petition that begins a court case.
Pleading — a formal written statement of exactly what a party wants the court to do in a lawsuit or court action.
Pro Se Litigant — a person who appears in court without the assistance of a lawyer.
Pro Se Coordinator — see Family Law Intake Staff.
Rehabilitative Alimony — spousal support ordered to be paid for a limited period of *376 time to allow one of the parties an opportunity to complete a plan of education or training, according to a rehabilitative plan accepted by the court, so that he or she may better support himself or herself.
Respondent — the person who is served with a petition requesting some legal action against him or her.
Scientific Paternity Testing — a medical test to determine who is the father of a child.
Service — the delivery of legal documents to a party. This must be accomplished as directed by Florida Family Law Rules 12.070 and 12.080.
Shared Parental Responsibility — an arrangement under which both parents have full parental rights and responsibilities for their children), and the parents make major decisions affecting the welfare of the children) jointly. Shared Parental Responsibility is presumptive in Florida.
Sole Parental Responsibility — a parenting arrangement under which the responsibility for the minor child(ren) is given to one parent by the court, with or without rights of time-sharing to the other parent.
Supervised Time-Sharing — a parenting arrangement under which time-sharing between a parent and his or her child(ren) is supervised by either a friend, family member, or a supervised visitation center.
Supplemental Petition — a petition that may be filed by either party after the judge has made a decision in a case and a final judgment or order has been entered. For example, a supplemental petition may be used to request that the court modify the previously entered final judgment or order.
Time-Sharing Schedule — a timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child or children will spend with each parent. If developed and agreed to by the parents of a minor child or children, it must be approved by the court. If the parents cannot agree, the schedule shall be established by the court.
Trial — the final hearing in a contested case.
Uncontested — any and all issues on which the parties are able to agree and which are part of a marital settlement agreement.

. Other minor and editorial changes are also made to these forms. Forms amended are General Information for Self-Represented Litigants; 12.901(b)(1) (Petition for Dissolution of Marriage with Dependent or Minor Child(ren)); 12.902(d) (Uniform Child Custody Jurisdiction and Enforcement Act Affidavit (UCCJEA)); 12.902(f)(1) (Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)); 12.903(a) (Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage); 12.903(b) (Answer to Petition for Dissolution of Marriage); 12.903(c)(1) (Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren)); 12.903(e) (Answer to Supplemental Petition); 12.904(a) (Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)); 12.905(a) (Supplemental Petition to Modify Custody or Visitation and Other Relief); 12.905(d) (Supplemental Petition for Temporary Modification/Amendment of Custody for Child(ren) of Custodial Parent Activated, Deployed, or Temporarily Assigned to Military Service); 12.940(d) (Motion to Modify or Dissolve Temporary Injunction); 12.941(a) (Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services); 12.941(b) (Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte)); 12.941(c) (Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice)); 12.941(d) (Emergency Verified Motion for Child PickUp Order); 12.941(e) (Order to Pick-Up Minor Child(ren)); 12.942(a) (Motion for Appointment of Guardian Ad Litem); 12.942(b) (Order Appointing Guardian Ad Litem); 12.943 (Motion to Deviate from Child Support Guidelines); 12.947(a) (Motion for Temporary Support with Dependent Minor Child(ren)); 12.947(b) (Temporary Order of Support with *174 Dependent or Minor Child(ren)); 12.960 (Motion for Civil Contempt/Enforcement); 12.980(a) (Petition for Injunction for Protection Against Domestic Violence); 12.980(c)(1) (Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren)); 12.980(d)(1) (Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice)); 12.981(a)(1) (Stepparent Adoption: Consent and Waiver by Parent); 12.981(b)(1) (Joint Petition for Adoption by Stepparent); 12.981(b)(2) (Final Judgment of Stepparent Adoption); 12.983(a) (Petition to Determine Paternity and for Related Relief); 12.983(b) (Answer to Petition to Determine Paternity and for Related Rebel); 12.983(c) (Answer to Petition and Counterpet-ition to Determine Paternity and for Related Relief); 12.983(g) (Final Judgment of Paternity); 12.990(b)(1) (Final Judgment of Dissolution of Marriage with Minor Child(ren) (Uncontested)); 12.990(c)(1) (Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)); 12.993(a) (Supplemental Final Judgment Modifying Parental Responsibility/Visilation); 12.993(b) (Supplemental Final Judgment Modifying Child Support); 12.994(a) (Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)).